1  RAY KIM LAW, APC
   Raymond Y. Kim (SBN 251210)
2  112 E. Amerige Avenue, Suite 240
   Fullerton, CA 92832
3  Telephone:  833-729-5529
   Facsimile:   833-972-9546
4  E-mail:       ray@raykimlaw.com

5  Attorneys for Plaintiffs
   Malachi Mickelonis, Micaiah Flores,
6  Matthew Gorka, Jared Hilliard,
   Charles Kirk, Yale Liebowitz,
7  Jacob Mueller, Kevin Munoz,
   Colebie Niedermeier, Joshua Palmer,
8  Bryce Phillips, Christopher Sousa,
   Rolando Vazquez, Adrian Villa,
9  Brian Walsh, and Nicholas Yee

10

11             **UNITED STATES DISTRICT COURT**

12             **CENTRAL DISTRICT OF CALIFORNIA**

13

14  Malachi Mickelonis, Micaiah          ) Case No.:
    Flores, Matthew Gorka, Jared         )
15  Hilliard, Charles Kirk, Yale         ) **CLASS ACTION COMPLAINT AND**
    Liebowitz, Jacob Mueller, Kevin      ) **DEMAND FOR JURY TRIAL**
16  Munoz, Colebie Niedermeier,          )
    Joshua Palmer, Bryce Phillips,       )
17  Christopher Sousa, Rolando           )
    Vazquez, Adrian Villa, Brian         )
18  Walsh and Nicholas Yee,              )
    individually and on behalf of all    )
19  others similarly situated,           )
                                         )
20             Plaintiffs,               )
                                         )
21        vs.                            )
                                         )
22  Disney Online, d/b/a Lucasfilm       )
    Games, and Does 2-5,                 )
23                                       )
                                         )
24             Defendants.               )
                                         )
25  _____    )

26

27

28

(Left margin, vertical text) Ray Kim Law, APC / 112 E. Amerige Avenue, Suite 240 / Fullerton, CA 92832

Plaintiffs Malachi Mickelonis, Micaiah Flores, Matthew Gorka, Jared Hilliard, Charles Kirk, Yale Liebowitz, Jacob Mueller, Kevin Munoz, Colebie Niedermeier, Joshua Palmer, Bryce Phillips, Christopher Sousa, Rolando Vazquez, Adrian Villa, Brian Walsh, and Nicholas Yee ("Class Representatives" or "Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, bring this Class Action Complaint ("Complaint") against Disney Online, d/b/a Lucasfilm Games ("Defendant" or "LFG") and allege:

## SUMMARY OF ACTION

1. Class Representatives bring this action for restitution, damages, penalties and injunctive relief resulting from the illegal actions of Defendant with respect to certain of its production, marketing, advertising and sale of "Star Wars: Knights of the Old Republic II: The Sith Lords" ("KOTOR II"). Specifically, Defendant falsely represented that its video game KOTOR II would include "Restored Content DLC," or new downloadable content providing new gaming content for users (e.g. bonus mission, new dialogue, revamped ending). Defendant did not provide the Restored Content DLC but refuses to give consumers a refund for their purchase of KOTOR II.

2. In so doing, Defendant violated the: (i) California Unfair Competition Law, Business and Professions Code § 17200 ("UCL"); (ii) California False Advertising Law, Business and Professions Code § 17500 ("FAL"); and (iii) California Consumer Legal Remedies Act, Civil Code § 1770 *et seq.* ("CLRA") and other statutes prohibiting unfair and deceptive practices of various states, including: Arizona, Colorado, Florida, Georgia, Illinois, Nevada, New Jersey, Ohio, South Carolina, Texas and Washington.

///
///
///
///

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

1

## THE PARTIES

2
3.     Plaintiff Malachi Mickelonis ("Mickelonis") is a consumer residing in

3
the State of California, Orange County.  On November 22, 2022 Mickelonis

4
purchased KOTOR II in Orange County.

5
4.     Plaintiff Micaiah Flores ("Flores") is a consumer residing in the State of

6
Washington.  On June 1, 2022, Flores purchased KOTOR II in Washington.

7
5.     Plaintiff Matthew Gorka ("Gorka") is a consumer residing in the State of

8
Arizona.  On June 12, 2022, Gorka purchased KOTOR II in Arizona.

9
6.     Plaintiff Jared Hilliard ("Hilliard") is a consumer residing in the State of

10
South Carolina.  On April 30, 2022, Hilliard purchased KOTOR II in South Carolina.

11
7.     Plaintiff Charles Kirk ("Kirk") is a consumer residing in the State of

12
Illinois.  On September 20, 2022, Kirk purchased KOTOR II in Illinois.

13
8.     Plaintiff Yale Liebowitz, now known as Sev Morgan ("Morgan"), is a

14
consumer residing in the State of Colorado.  On June 7, 2022, Morgan purchased

15
KOTOR II in Colorado.

16
9.     Plaintiff Jacob Mueller ("Mueller") is a consumer residing in the State of

17
Texas.  On May 27, 2022, Mueller purchased KOTOR II in Texas.

18
10.     Plaintiff Kevin Munoz ("Munoz") is a consumer residing in the State of

19
California.  On March 19, 2023, Munoz purchased KOTOR II in California.

20
11.     Plaintiff Colebie Niedermeier ("Niedermeier") is a consumer residing in

21
the State of Ohio.  On December 2, 2022, Niedermeier purchased KOTOR II in Ohio.

22
12.     Plaintiff Joshua Palmer ("Palmer") is a consumer residing in the State of

23
Georgia.  On June 1, 2022, Palmer purchased KOTOR II in Georgia.

24
13.     Plaintiff Bryce Phillips ("Phillips") is a consumer residing in the State of

25
Florida.  On June 8, 2022, Phillips purchased KOTOR II in Florida.

26
14.     Plaintiff Christopher Sousa ("Sousa") is a consumer residing in the State

27
of Nevada.  On June 8, 2022 Sousa purchased KOTOR II in Nevada.

28

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**

15.     Plaintiff Rolando Vazquez ("Vazquez") is a consumer residing in the State of New Jersey.  On June 8, 2022, Vazquez purchased KOTOR II in New Jersey.

16.     Plaintiff Adrian Villa ("Villa") is a consumer residing in the State of Colorado.  On June 9, 2022, Villa purchased KOTOR II in Colorado.

17.     Plaintiff Brian Walsh ("Walsh") is a consumer residing in the State of California.  On June 18, 2022, Walsh purchased KOTOR II in California.

18.     Plaintiff Nicholas Yee ("Yee") is a consumer who resided in the State of Florida.  On August 17, 2022, Yee purchased KOTOR II in Florida.

19.     Defendant Disney Online, d/b/a Lucasfilm Games ("LFG") is a video game licensor, former game developer and publisher, and a subsidiary of LucasFilm Ltd. LLC, headquartered and incorporated in California.  LFG owns the rights to the Star-Wars intellectual property, including Star-Wars themed games such as KOTOR II.  LFG worked with, oversaw and directed the advertisement, production, distribution and sale of KOTOR II for the Nintendo Switch.  LFG advertised, and expressly authorized, directed and caused Aspyr Media, Inc. ("Aspyr") to advertise in a popular and widely viewed video trailer that the Restored Content DLC was "COMING SOON."  Aspyr, a video game developer and publisher, produced, published, distributed, and sold KOTOR II with LFG at LFG's direction and control.  But for LFG's role in the advertisement and sale of KOTOR II, the video trailer would not have advertised that the Restored Content DLC was "COMING SOON."

20.     Doe Defendant 1-5 are the other companies or individuals responsible for the false and deceptive advertising, marketing, distribution and sale of KOTOR II.

## <u>JURISDICTION AND VENUE</u>

21.     This Court has jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(1).  Class Representatives bring a class action under Federal Rule of Civil Procedure 23.  At least one Class Representative and Defendant are citizens of different states, and on information and belief, the amount

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

in controversy exceeds the sum of $5,000,000.00 and there are no less than 100 class members.

22.    Defendant is headquartered and incorporated in California and regularly conduct business within the State of California, which means personal jurisdiction is established.

23.    Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because Mickelonis was a resident of Orange County and a substantial part of the events giving rise to his claims occurred in this district.

## STATEMENT OF FACTS

**A.    Defendant Falsely Claims That It Will Restore And Officially Release Previously Unused And Unreleased Content For KOTOR II On The Nintendo Switch**

24.    In or about 2004, an original version of KOTOR II was released on the Xbox gaming console.  Nearly all of the Class Representatives purchased and played the game on their Xbox gaming consoles nearly two decades ago.  KOTOR II on Xbox was released in an incomplete and unfinished state.

25.    In or around March 2022, Defendant, with its licensee and agent Aspyr, advertised KOTOR II to users of the video console Nintendo Switch as having never-before officially released "Restored Content DLC," or new restored, downloadable content providing new gaming content for users.  *See* Youtube, *STAR WARS™: Knights of the Old Republic™ II: The Sith Lords - Announcement Trailer - Nintendo Switch*, available at https://www.youtube.com/watch?v=rEhYnI1MqxI (last visited on October 24, 2023); Aspyr Twitter (now known as "X") Ad, *STAR WARS™: Knights of the Old Republic™ II - The Sith Lords is out NOW on Nintendo Switch!*, available at https://twitter.com/AspyrMedia/status/1534566368137330690 (last visited on October 24, 2023); Nintendo, *STAR WARS™: Knights of the Old Republic™ II: The Sith Lords*, at https://www.nintendo.com/store/products/star-wars-knights-of-the-old-republic-ii-the-sith-lords-switch/ (last visited on June 11, 2023); IGN, *Star Wars: Knights of the Old Republic II: The Sith Lords - Announcement*

**CLASS ACTION COMPLAINT**

*Trailer*, May 27, 2022, available at https://www.ign.com/videos/star-wars-knights-of-the-old-republic-ii-the-sith-lords-announcement-trailer (last visited on April 10, 2025).

26.    Defendant specifically authorized the representation and advertised that the Restored Content DLC was "COMING SOON."



27.    Aspyr, at LFG's direction and authorization, even tweeted about the upcoming release of the Restored Content DLC:




Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

28.     Class Representatives and numerous other consumers were excited about the release of the Restored Content DLC that Defendant had claimed in May 2022 was "coming soon."  In fact, KOTOR II sat at the top of Nintendo's e-Shop rankings:

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

 **@JudeMichaelPeterson** 1 year ago
The fact that this game is including the restored content makes this one of my most anticipated games in the life of the Switch. I can't remember the last time I was this excited to play a game, let alone one that is over a decade old.

👍 291  👎  Reply

🔻 **19 replies**

 **@ivenousername** 1 year ago
I want to cry. The restored content mod gives this game so much more life. It's my favorite game of all time. I can't wait to replay it for the 10th time. It's a timeless classic with the most beautiful Star Wars story!!! THANK YOU!!!!!!!

👍 90  👎  Reply

 **@Swordsmaster227** 1 year ago
The fact that the restored content is being included alone is enough for me to buy this game. And shows this studio understands it's customers.

I'm a console gamer and I've wanted to play the restored content so badly for years. Now I have that opportunity.

 **@Ponaru** 1 year ago (edited)
I knew this was coming, but I'm pleasantly surprised to see it's going to include the restored content. Well done Aspyr!

👍 23  👎  Reply

🔺 **2 replies**

**@AwesomeMutation** 4 months ago
man I can't wait to play the restored content, I sure hope Aspyr doesn't miss their release date of Q3 2022.

 **@akaimizu1** 1 year ago
Nice. One of Obsidian's old bests, but also with no time to do it. Seeing a cleaned up version fully restored is going to be so nice. Looking forward to this moreso than my physical copy of the first one.

👍 5  👎  Reply

29.    In 2022 and 2023, Class Representatives saw Defendant's advertisements about KOTOR II and were drawn by the Restored Content DLC.  As a result, Class Representatives purchased KOTOR II.

30.    Class Representatives and countless consumers all over the world anxiously awaited the release of the Restored Content DLC. Defendant and Aspyr went radio silent about the release date.

31.    After representing that the DLC would be released in the third quarter of 2022, Defendant failed to meet this deadline.

**Shadowfire2121** @shadowfire2121 · Sep 30, 2022
so, dlc? its 6:30 pm edt on the last day of q3. like, this is begining to feel like actively fucking with the install base. announce a delay, drop the dlc, state cancelation. pop your collective thumbs out of your rear and do something because deadline is here fellas!
💬    ♻ 1    ♡ 11    📊    ⬆

**t mcm** @hoopsfan1985 · Jan 11
Where is the dlc?? Such a scummy move
💬    ♻    ♡    📊 12    ⬆

**Alexander Perreman** @LtSpook · Aug 24, 2022
is there any news on the restored content DLC. Many people like me already bought the game but are waiting for the DLC to actually start. since a new save is needed.

After the announcement absolutely no news of announcement was made
💬 1    ♻ 1    ♡ 5    📊    ⬆

**Chris O** @LrgLeprechaun · Sep 12, 2022
Heeey!! It's time for my monthly check-in/rant!! ANY NEWS ON THE RESTORED CONTENT DLC? Q3 is has come and almost gone, and the fan base had for nothing but crickets from you guys since the original announcement. Has it been delayed? Scraped? Coming in the next 2 weeks? What's up?
💬 1    ♻ 2    ♡ 14    📊    ⬆

**Bigredcandle** @Bigredcandle1 · Sep 16, 2022
Replying to @AspyrMedia
Any news on the **restored content dlc** for kotor 2?
💬 1    ♻ 1    ♡ 15    📊    ⬆

**Ozzy's Game Room** @OzzysGameRoom · May 5
Replying to @AspyrMedia and @AppStore
You know what I DON'T have? **Restored Content DLC** that was promised.
💬    ♻ 1    ♡ 7    📊 433    ⬆

**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832



**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832



32. More than one year later, on June 2, 2023, at Defendant's direction, Aspyr announced on Twitter that it will not release the highly anticipated Restored Content DLC for KOTOR II:

- 11 -

**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

33.    Specifically, Defendant and Aspyr stated, "Sadly, today we are announcing that the Restored Content DLC for the Nintendo Switch version of *Star Wars: Knights of the Old Republic II – The Sith Lords* will not be moving forward for release." Defendant did not explain why.

34.    Instead, recognizing that consumers had purchased KOTOR II in reliance on the DLC advertisement and recognizing the value of the Restored Content DLC to purchasers, Defendant and Aspyr provided "a *complimentary video game key*." (italics added). Defendant and Aspyr reiterated that the video game key it would provide was "complimentary": "To receive your *complimentary key*, please visit support.aspyr.com, and submit a request with your Nintendo Switch proof of purchase attached." (italics added).

35.    Despite their failure to release KOTOR II's Restored Content DLC, Defendant refused to give refunds to purchasers of KOTOR II.

36.    Class Representatives felt completely duped and were upset because they had relied on Defendant's representations that the Restored Content DLC would be included with KOTOR II and "COMING SOON." In fact, some Class Representatives did not even play KOTOR II after purchasing it, instead choosing to wait until the Restored Content DLC was released. But Defendant never did. Class Representatives would potentially be interested in purchasing other games with Restored Content DLC from Defendant in the future if they have the advertised content, are not deceptively advertised, and accordingly priced at fair market value without being artificially inflated due to the deceptive advertising.



ners, like ... ually on Twitte

TbaggingSi... @Tbag... · Jun 2  ···
Scam of the year everyone..
Promise DLC to get sales and then cancel it.
Won't be buying another game from your company.

  ↩        �recycle 1        ♡ 113        ııl 2,986

Garnet (Cryst... @Fut... · Jun 2  ···
So you sat silent for lord knows how long, advertised the game based on that DLC releasing for the Switch and now you have the gall to just give up? SHAME ON YOU ASPYR. You lied to your customers and you sat silent for months without a peep. You don't deserve to be trusted again.

  ↩ 3        ↩recycle 7        ♡ 119        ııl 2,551

**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

 **Voultar** ✔ @Voultar · Jun 2  ···
That's completely unacceptable.

Many people (including myself) bought this game with the assurance the DLC would be reconstituted and eventually restored for the game.

That was the whole point of buying it again. Otherwise, I'd just stick to my OG Xbox copy.

💬 25    🔁 24    ♡ 921    ᴊ 46.9

 **Voultar** ✔ @Voultar · Jun 4  ···
I would have no reason to complain providing that you didn't go out of your way to include footage from the DLC in the launch trailer for the game.

That was a bad move..

💬 1    🔁 2    ♡ 61    ᴊ 4,494

Show replies

 **Super M...** ✔ @Supe... · Jun 3  ···
Either find a way to get dlc or let us get a refund for the game. Replacement for it with games we already have is not acceptable

💬     🔁 4    ♡ 86    ᴊ 6,963

**Scorpio** ✔ @Scorpiopt · Jun 3  ···
You should be offering refunds, you falsely advertised

💬 1    🔁 8    ♡ 89    ᴊ 5,123

Ⓢ ✔ @steventaught... · Jun 11  ···
y'all are so embarrassing lmao.

💬     🔁     ♡ 2    ᴊ 450    ⬆

**Kaz** ✔ @thekrazymaN_ · Jun 2  ···
Pathetic

💬     🔁     ♡ 2    ᴊ 536    ⬆

 **Normal ...** ✔ @Norm... · Jun 2  ···
This is unacceptable


▶ GIF ALT    Know your place, TRASH

💬 1    🔁 2    ♡ 112    ᴊ 15.8K

 **Paul Be...** ✔ @Sauli... · Jun 4  ···
You have no integrity. We were buying the KOTOR II version only because of the restored content! You were advertising it. If you cannot get it done, don't advertise it.

 **Bin...** ✔ @BinksMag... · Jun 2  ···
You should be offering *refunds*. You sold the game with the promise of RCM. You put it in the launch trailer.

💬 17    🔁 24    ♡ 577    ᴊ 24K

**HisSha...** ✔ @HisSh... · Jun 4  ···
Agreed with other posters ! I bought this game thinking we are getting DLC because that was what was advertised

💬     🔁 1    ♡ 22    ᴊ 1,858

**CLASS ACTION COMPLAINT**



**@kutless45** 1 month ago
LIES! Nintendo, bankrupt these fraudsters!
👍 2  👎    Reply

**@wildtiger397** 1 month ago
LIES!!!
👍 1  👎    Reply

**@johanyhernandez1018** 1 month ago
LMFAOOO THE LIES of these developers. Won't look twice when these whipped dogs are starving off on
the sidewalk with this false advertising
👍 2  👎    Reply

**@ultimateneek530** 1 month ago
The Restored Content DLC was a lie!
👍 2  👎    Reply

**@cybertech6925** 1 month ago
Nintendo needs to start verify any game that is committing false advertising on their eshop. Aspyr
released this game without the Restored Content Mod DLC. They broke a promise to the gamers who
loves this wonderful game that's a blast from the past for one of the best Star Wars Games ever made.
It's a shame that the game is in this state. If anyone is reading this, don't buy this game till the DLC is in...
Read more
👍 3  👎    Reply



**Star Wars ...** ✔️ **@Th...** · Jun 3   ...
I am this close 🤏 to starting a
lawsuit against @AspyrMedia.

The original intention was that the
Restored Content Mod would be
released for the game.

Customers bought this product
because they were told it was
coming to the game, and not
delivering on it is false
advertising.... Show more
💬 39   🔁 23   ❤️ 404   📊 21.1k



**Paul Be...** ✔️ **@Sauli...** · Jun 4   ...
The behaviour of Aspry is very
week. Not only did they advertise it
but as a fan of KOTOR we bought
into the other Star Wars Switch
games. I don't have any trust at
Aspyr anymore and honestly don't
need a KOTOR remake for modern
audience at all! But the damage has
been done.

**Calen** @CalenBender · Jun 2   ...
How about a refund due to false
advertising?
💬   🔁   ❤️ 181   📊 5,787



**SW Forge - Male...** @... · Jun 2   ...
This is so disappointing for switch
console players.
You as a company hyped the
TSLRCM mod up to be released as a
download addition. Maybe you
should give a refund for those who
want it.
💬 4   🔁 15   ❤️ 552   📊 39K

**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**@sinsgalore5146** 1 month ago
Liars

👍 2  👎    Reply

**@applepie1911e** 1 month ago
WARNING
They announced they're not doing the mod on switch

👍 3  👎    Reply

**@applepie1911e** 1 month ago
I was waiting to buy it. I already have it on cell phone but wanted to play the mod. It's supposedly possible to add the mod on phone but I couldn't get it to work. I guess I'll never play it now.
No mod on switch

👍 1  👎    Reply

**@GoddDamn** 1 month ago
So much for the coming soon dlc.  Aspyr canceled it a year after release

👍 2  👎    Reply

**@AlecFortescue** 1 month ago (edited)
REMINDER ---- DIsney didn't let Aspyr go ahead with the Restored Content! I am outraged as a huge fan of the game and a fresh Switch owner.

👍 4  👎    Reply

**@cadillacchris7771** 1 month ago
This trailer needs to be taken down for false advertisement. The dlc was cancelled

👍 7  👎    Reply

**@wadetyler_** 1 month ago
RIP restored content DLC.

👍 7  👎    Reply

**@JoseRoman-me6ie** 1 month ago (edited)
What a bunch of losers. With all their resources Nintendo couldn't do what modders did over a DECADE ago on the pc... shame on them.

👍 4  👎    Reply

⌄  **4 replies**

**@MattKyleBullerthemattkylefiles** 1 month ago
reporting this as "spam or misleading"...why not complete the DLC before promoting and selling the game (rather than announcing that it is cancelled one year later)

👍 3  👎    Reply

**@AlexMagnusTheLoneGamerWanderer** 1 month ago
what a scam

👍 1  👎    Reply

**CLASS ACTION COMPLAINT**



**@Alex-pk1iy** 1 month ago

The RC dlc isn't happening. Aspyr are removing any mention of this from their media platforms

👍 1  👎    Reply

**@baver5081** 1 month ago (edited)

0:54 still waiting...

👍 1  👎    Reply

⌄ 1 reply

**@joshdavison6888** 1 month ago

Restored content "coming soon." Almost one year later and nothing has come out, not even a remark about what happened. On top of that, no update on the Limited Run Games orders you guys have been sitting on for 10 months.
Aspyr is a joke and people shouldn't be supporting them after this nonsense.

👍 2  👎    Reply



**@sonygodofwar123** 1 month ago

1 year later where's my dlc

👍 3  👎    Reply

38. When Class Representatives, and class members, purchased KOTOR II they believed that they were purchasing a game with Restored Content DLC. Class Representatives and class members were deceived as a result of Defendant's actions. In fact, Class Representatives and class members would not have purchased KOTOR II if it were not for the misrepresentations of the aforementioned material facts. These purchasing decisions were the result of the misleading, deceptive, and false representations made by Defendant.

39. Class Representatives suffered an "injury in fact" because their money was taken by Defendant as a result of its knowing and intentional false advertising. Furthermore, Class Representatives suffered an "injury in fact" by paying for something they believed had content, features, and characteristics that it did not have.

40. Class Representatives and class members who received a "complimentary video game key" also suffered an injury in fact because their money was taken as a result of Defendant's false advertising, and they did not receive the product they purchased. In addition, these consumers did not receive a refund. The

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**

"complimentary video game" was provided by Defendant for free as a sign of gratitude to its supporters and an acknowledgement that Defendant had failed to fulfill its promise, because Defendant recognized that consumers had relied on the DLC promise and purchased KOTOR II. The free game code did not make KOTOR II purchasers whole.

41.    Class Representatives and class members were undoubtedly injured and lost money as a result of Defendant's misleading, deceptive, fraudulent, and intentionally false advertising.

42.    Defendant knowingly deceived consumers in order to artificially raise sales revenue by selling more KOTOR II games and being able to market KOTOR II at above-market prices based on qualities and features that the game simply did not and would not possess.

## CLASS ACTION ALLEGATIONS

43.    Class Representatives bring this action on behalf of themselves and all others similarly situated, pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the class and subclasses defined as follows (the "Class" and "Subclasses):

**Nationwide Class:**  All persons in the United States who purchased KOTOR II for Nintendo Switch during the relevant statute of limitations period.

**California Subclass:**  All persons in the State of California who purchased KOTOR II for Nintendo Switch during the relevant statute of limitations period.

**Arizona Subclass:**  All persons in the State of Arizona who purchased KOTOR II for Nintendo Switch during the relevant statute of limitations period.

**Colorado Subclass:**  All persons in the State of Colorado who purchased KOTOR II for Nintendo Switch during the relevant statute of limitations period.

**Florida Subclass:**  All persons in the State of Florida who purchased KOTOR II for Nintendo Switch during the relevant statute of limitations period.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**Georgia Subclass:** All persons in the State of Georgia who purchased KOTOR II for Nintendo Switch during the relevant statute of limitations period.

**Illinois Subclass:** All persons in the State of Illinois who purchased KOTOR II for Nintendo Switch during the relevant statute of limitations period.

**Nevada Subclass:** All persons in the State of Nevada who purchased KOTOR II for Nintendo Switch during the relevant statute of limitations period.

**New Jersey Subclass:** All persons in the State of New Jersey who purchased KOTOR II for Nintendo Switch during the relevant statute of limitations period.

**Ohio Subclass:** All persons in the State of Ohio who purchased KOTOR II for Nintendo Switch during the relevant statute of limitations period.

**South Carolina Subclass:** All persons in the State of South Carolina who purchased KOTOR II for Nintendo Switch during the relevant statute of limitations period.

**Texas Subclass:** All persons in the State of Texas who purchased KOTOR II for Nintendo Switch during the relevant statute of limitations period.

**Washington Subclass:** All persons in the State of Washington who purchased KOTOR II for Nintendo Switch during the relevant statute of limitations period.

44.    Excluded from the Class and Subclasses (the "Classes") are: (1) LFG, any entity or division in which LFG has a controlling interest, and its legal representatives, officers, directors, assigns, and successors; and (2) the Judge to whom this case is assigned and the Judge's staff.  Class Representatives reserve the right to amend or expand the Class and Subclass definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

45.    Class Representatives and members of the Classes were harmed by the acts of Defendant by purchasing a game that did not have the content, qualities, characteristics and features that Defendant advertised it had.

46.    Common questions of fact and law exist as to all members of the Classes, which predominate over any questions affecting only Class Representatives or

individual members of the Class.  These common legal and factual questions, which do not vary between the class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

a)  Whether, within the applicable statute of limitations periods, Defendant falsely advertised KOTOR II as having certain content and features that they did not or would not have;

b)  Whether Class Representatives and the class members purchased a game containing the same intentionally misleading, deceptive, false and fraudulent representations;

c)  Whether Class Representatives and the class members were damaged thereby, and the extent of damages for such violation;

d)  Whether such conduct is unlawful, unfair or fraudulent; and

e)  Whether Defendant is still engaging in the misconduct and should be enjoined from engaging in such conduct in the future.

47.  As persons who purchased KOTOR II from Defendant, Class Representatives are asserting claims that are typical of the Classes.  Class Representatives and all members of the Classes sustained damages arising out of Defendant's common course of conduct complained herein.

48.  The members of the Classes are so numerous that joinder of all members would be unfeasible and impractical.  The membership of the Classes is currently unknown to Class Representatives at this time; however, Defendant sold hundreds of thousands of KOTOR II games in the United States, California, Arizona, Colorado, Florida, Georgia, Illinois, Nevada, New Jersey, Nevada, Ohio, South Carolina, Texas, and Washington to Nintendo consumers during the applicable statute of limitations periods, it is reasonable to presume that the members of the Classes are so numerous that joinder of all members is impracticable. The disposition of their claims in a class

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

action is a superior method to individual actions and will provide substantial benefits to the parties and the Court.

49.   Class Representatives will fairly and adequately protect the interests of the members of the Classes because Class Representatives have no interests which are adverse to the interest of absent class members and because Class Representatives have retained counsel who possess significant class action litigation experience regarding alleged violations of consumer statutes.

50.   A class action is superior to other available methods of fair and efficient adjudication of this controversy because individual litigation of each of the claims of the members of the Classes is impracticable.  Even if every Class member could afford individual litigation, the court system could not.  It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues.  By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

51.   The prosecution of separate actions by individual members of the Class would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

52.   Defendant has acted or refused to act in respects generally applicable to the Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## **FIRST CAUSE OF ACTION**

## **CALIFORNIA UNFAIR COMPETITION LAW**

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**

**BUSINESS & PROFESSIONS CODE § 17200** *et seq.*

**(On Behalf Of All Class Representatives and the Nationwide Class)**

53. Class Representatives repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

54. Class Representatives and Defendant are each "person[s]" as defined by California Business and Professions Code section 17201. California Business and Professions Code section 17204 authorizes a private right of action on both an individual and representative basis.

55. "Unfair competition" is defined by Business and Professions code section 17200 as encompassing several types of business "wrongs," four of which are at issue here: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent business act or practice, and (4) "unfair, deceptive, untrue, or misleading advertising." The definitions in section 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

56. A plaintiff is required to provide evidence of a causal connection between a defendant's business practices and the alleged harm–that is, evidence that the defendant's conduct caused or was likely to cause substantial injury. It is insufficient for a plaintiff to show merely that the defendant's conduct created a risk of harm. Furthermore, the "act or practice" aspect of the statutory definition of unfair competition covers any single act of misconduct, as well as ongoing misconduct.

57. By and through Defendant's conduct alleged above and in further detail herein, Defendant engaged in conduct that constitutes unlawful, unfair, and/or fraudulent business practices and advertising as prohibited by Bus. & Prof. Code §§ 17200, *et seq.*

**UNLAWFUL**

58. California Business and Professions code Section 17200, *et seq.* prohibits "any unlawful…business act or practice."

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

59.     As explained above, Defendant deceived, misled, and invaded the rights of Class Representatives and other class members by representing that KOTOR II had or would have content, characteristics and features that they did not have or intend to have.

60.     Beginning in or about April 2022 and continuing through the time of this Complaint, Defendant committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful" business practices, within the meaning of Bus. & Prof. Code §§ 17200, *et seq.*, by falsely representing that KOTOR II had or would have content, features and characteristics that did not and would not have, in violation of Cal. Civil Code § 1770 *et seq.*, Bus. & Prof. Code §§ 17500, *et seq.*

61.     Defendant used false advertising, marketing, and misrepresentations to induce Class Representatives and class members to buy and/or pay a higher price for KOTOR II in violation of California Business and Professions Code Section 17500, *et seq.* Had Defendant not falsely advertised, marketed, or misrepresented KOTOR II, Class Representatives and class members would not have purchased KOTOR II or have purchased alternative products. Defendant's conduct therefore caused, and continues to cause, economic harm to Class Representatives and class members.

62.     Defendant has thus engaged in unlawful, unfair, and fraudulent business acts entitling Class Representatives and class members to judgment and equitable relief against Defendant, as set forth in the Prayer for Relief. Additionally, pursuant to Business and Professions Code section 17203, Class Representatives and class members seek an order requiring Defendant to immediately cease such acts of unlawful, unfair, and fraudulent business practices and requiring Defendant to correct its actions.

**UNFAIR**

63.     Defendant has engaged in a pattern of "unfair" business practices in violation of Bus. & Prof. Code §§ 17200, *et seq.*, by manufacturing, distributing, selling, and/or marketing the KOTOR II.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

64.    The gravity of those misrepresentations outweighs any alleged benefits attributable to such conduct; and such conduct is "unfair" because it offends established public policy and/or is immoral, unethical, oppressive, unscrupulous, and/or substantially injurious to consumers, in that consumers are led to believe that the KOTOR II has content, qualities and benefits which it does not have.

65.    California Business & Professions Code § 17200 prohibits any "unfair ... business act or practice."   Defendant's acts, omissions, misrepresentations, and practices as alleged herein also constitute "unfair" business acts and practices within the meaning of the UCL in that its conduct is substantially injurious to purchasers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct. There were reasonably available alternatives to further Defendant's legitimate business interests, other than the conduct described herein.  Class Representatives reserve the right to allege further conduct which constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

66.    UCL cases have applied a variety of tests for what constitutes an "unfair" business practice. *See Durrell v. Sharp HealthCare*, 183 Cal. App. 4th 1350, 1365 (2010).  Here, the Class Representatives satisfy all three.

67.    The FTC test requires a purchaser to show that the injury: (1) is substantial; (2) is not outweighed by any countervailing benefits to purchasers or competition; and, (3) is not one that purchasers themselves could reasonably have avoided.

68.    Here, Defendant's conduct has caused and continues to cause substantial injury to Class Representatives and class members.  Class Representatives and class members have suffered injury in fact and lost money due to Defendant's decision to sell KOTOR II even though it did not and would not have characteristics as advertised. Accordingly, Class Representatives and class members were injured because they paid

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

money for a product that was of substantially less value than they reasonably believed, and were denied the benefit of the bargain.

69.    Such conduct involves equitable remedies in the form of a return of part of the purchase price of the product. Thus, Defendant's conduct has caused substantial injury to Class Representatives and the class members.

70.    Another test for unfairness under the UCL is the antitrust test, which analyzes whether the conduct "threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because it effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition." *Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co*., 20 Cal. 4th 163, 187 (1999).

71.    By deceiving Class Representatives and members of the class into purchasing KOTOR II under false pretenses, Defendant has gained an unfair advantage in the marketplace and has hindered competition. Class members, including Class Representatives, are stuck with a game that do not have the content they were marketed as having.  As a result, Defendant has unfairly usurped the business of competitors and artificially been able to sell KOTOR II.

72.    Defendant's actions tend to harm competition in the gaming market by reducing competition in the marketplace due to consumer perceived quality and content of KOTOR II as a result of Defendant's misrepresentations. Defendant's misrepresentations do not offer any countervailing benefit to the marketplace.

73.    A third test for determining unfairness under the UCL is a balancing test as to whether the business practice is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *South Bay Chevrolet v. General Motors Acceptance Corp*., 72 Cal. App. 4th 861, 887 (1999).

74.    Here all of these factors weigh heavily in favor of this Court finding that Defendant's business practices are unfair.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

75.     Defendant took advantage of the market and of consumers by misrepresenting the content, characteristics and qualities of KOTOR II to the general public, as discussed above. Such conduct is injurious to consumers insofar as it promises a product bearing certain characteristics, when in fact the product bears characteristics that are inherently and facially of less value. Accordingly, consumers were deprived of the benefit of the bargain of what they sought to purchase and reasonably believed they had purchased at the point of sale. There is no moral, ethical, or economic justification for this conduct, and it is inherently immoral and unscrupulous for Defendant to have done this to its customers.

76.     In so doing, Defendant has acted immorally, unethically, oppressively, unscrupulously, and has caused a substantial injury to consumers as detailed above.

77.     Class Representatives can use a benefit of the bargain approach, discrete choice analysis, or other economically-sound methods of damage calculations to ascertain the harm suffered by class members.

78.     Finally, the injury suffered by Class Representatives and class members is not an injury that consumers could have reasonably avoided.

79.     Thus, Defendant's conduct has violated the "unfair" prong of California Business and Professions Code § 17200.

**FRAUDULENT**

80.     Beginning in or around 2022 and continuing through the time of this Complaint, Defendant engaged in acts of unfair competition, including those described herein, by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200 *et seq.*, by falsely representing that it would release Restored Content DLC for KOTOR II.

81.     Class Representatives reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

**CLASS ACTION COMPLAINT**

**"UNFAIR, DECEPTIVE, UNTRUE, OR MISLEADING"**

82.    Defendant's practices are unfair, deceptive, untrue, or misleading in that consumers are led to believe that Defendant would release Restored Content DLC for KOTOR II.

83.    Class Representatives and the public, as reasonable consumers, were deceived and misled by Defendant's conduct.

84.    Defendant's unlawful, unfair, and fraudulent business practices, and unfair, deceptive, untrue, and/or misleading advertising presents a continuing threat to the public in that Defendant continue to falsely represent that KOTOR II will have features that it will not have.

85.    Defendant engaged in these unlawful, unfair, and fraudulent business practices, which were motivated solely by Defendant's self-interest with the primary purpose of collecting unlawful and unauthorized monies from Class Representatives and all others similarly situated, thereby unjustly enriching Defendant.

86.    Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent and constitute violations of the Bus. & Prof. Code §§ 17200 *et seq.*, Class Representatives reserves the right to identify additional violations by Defendant as may be established through discovery.

87.    As a direct and proximate result of the aforementioned acts and representations, Defendant received and continue to receive unearned commercial benefits at the expense of its competitors and the public.

88.    As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent conduct described herein, Defendant has been and will continue to be unjustly enriched by the receipt of ill-gotten gains from customers, including Class Representatives and class members, who unwittingly provided money to Defendant as a result of Defendant's fraudulent misrepresentations.

89.    Class Representatives has suffered an "injury in fact" because Defendant received Class Representatives' money as a result of Defendant's false representations.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

90.     In prosecuting this action for the enforcement of important rights affecting the public interest, Class Representatives seeks the recovery of attorneys' fees, which are available to prevailing plaintiffs in class action cases such as this.

## SECOND CAUSE OF ACTION

## CALIFORNIA FALSE ADVERTISING LAW

### Business and Professions Code § 17500

### (On Behalf Of All Class Representatives and the Nationwide Class)

91.     Class Representatives repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

92.     Class Representatives bring this claim individually and on behalf of all others similarly situated for Defendant's violations of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*

93.     Under the FAL, the State of California makes it "unlawful for any person, firm, corporation or association, or any employee thereof with intent directly or indirectly to dispose of … personal property or to perform services… or anything of any nature whatsoever or to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated before the public … in any other manner or means whatever, including over the Internet, any statement, concerning that … personal property or those services … which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading[.]" Cal. Bus. & Prof. Code § 17500.

94.     Defendant knowingly engaged in a scheme of misrepresenting that Restored Content DLC would be released for KOTOR II. Such practice misrepresented the content, quality and characteristics of KOTOR II.  Defendant knew or should have known its conduct was unauthorized, inaccurate, and misleading.

## THIRD CAUSE OF ACTION

## CALIFORNIA CONSUMER LEGAL REMEDIES ACT

### California Civil Code §1770, *et seq.*

**(On Behalf Of All Class Representatives and the Nationwide Class)**

95.    Class Representatives repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

96.    Defendant's actions as detailed above constitute a violation of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §1770 to the extent that Defendant violated the following provisions of the CLRA:

a) Using deceptive representations in connection with goods or services.  Cal. Civ. Code §1770(a)(4).

b) Representing that goods or services have characteristics, ingredients, uses, and benefits that they do not have.  Cal. Civ. Code §1770(a)(5).

c) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. Cal. Civ. Code §1770(a)(7).

d)  Advertising goods or services with intent not to sell them as advertised.  Cal. Civ. Code §1770(a)(9).

e)  Advertising goods or services with intent not to supply reasonably expectable demand.  Cal. Civ. Code §1770(a)(10).

97.    On or about April 10, 2025, using certified mail with a return receipt requested, counsel for Class Representatives served Defendant with notice of its violations of the CLRA (attached hereto as **Exhibit A**), and asked that Defendant correct, repair, replace or otherwise rectify the goods and services alleged to be in violation of the CLRA; this correspondence advised Defendant that it must take such action within thirty (30) calendar days, and pointed Defendant to the provisions of the CLRA that Plaintiffs believe to have been violated by Defendant. If Defendant refuse to timely correct, repair, replace or otherwise rectify the issues raised therein, Plaintiffs will amend the Complaint to seek damages under the CLRA.

98.    Plaintiffs Mickelonis, Munoz and Walsh will subsequently file an Affidavit of Venue as required by the CLRA.

**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**FOURTH CAUSE OF ACTION**

**ARIZONA CONSUMER FRAUD ACT**

**Arizona Revised Statutes Section 44-1522, *et seq.***

**(On Behalf Of Gorka And The Arizona Subclass)**

99.    Class Representatives repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

100.    Gorka brings this claim individually and on behalf of all others similarly situated for Defendant's violations of Arizona Consumer Fraud Act ("ACFA"), Arizona Revised Statutes Section 44-1522 *et seq*.

101.    Under the ACFA, "the use or employment by any person of any deception, deceptive or unfair act or practice, fraud, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely on such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby" is an unlawful practice.

102.    Defendant knowingly engaged in a scheme of deceptively representing, misrepresenting, and concealing material facts regarding the release of the Restored Content DLC for KOTOR II.  Such practice misrepresented, falsely promised, and materially omitted facts regarding the content, quality and characteristics of KOTOR II, including the Restored Content DLC.  Defendant knew or should have known its conduct was deceptive, unfair, false, and unlawful.

103.    Gorka and the Arizona class members were misled, deceived, and damaged by Defendant's actions.  Among other remedies, Gorka and the Arizona class members are entitled to restitution and a disgorgement of profits and gains obtained as a result of Defendant's unlawful practices and damages, including punitive damages.

**FIFTH CAUSE OF ACTION**

**COLORADO CONSUMER FRAUD ACT**

**Colorado Code Section 6-1-105, *et seq.***

- 29 -

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**(On Behalf Of Morgan, Villa And The Colorado Subclass)**

104.   Class Representative repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

105.   Defendant's actions as detailed above constitute a violation of the Colorado Consumer Protection Act ("CCPA"), CO Code § 6-1-105 to the extent that Defendant violated the following provisions of the CCPA:

    a) Using deceptive representations in connection with goods or services.  CO Code § 6-1-105(1)(d).

    b) Representing that goods or services have characteristics, ingredients, uses, and benefits that they do not have.  CO Code § 6-1-105(1)(e).

    c) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another. CO Code § 6-1-105(1)(g).

    d) Advertising goods or services with intent not to sell them as advertised.  CO Code § 6-1-105(1)(i).

    e) Advertising goods or services with intent not to supply reasonably expectable demand.  CO Code § 6-1-105(1)(j).

    f) Failing to disclose material information concerning KOTOR II, which information was known at the time of Defendant's advertisements and sales, to induce consumers to purchase KOTOR II.  CO Code § 6-1-105(1)(v).

106.   Morgan, Villa and the Colorado Class were injured and suffered damages as a result of Defendant's violations of the CCPA.  Morgan and Villa and Colorado class members seek statutory damages of five-hundred dollars ($500.00) and/or actual damages as provided by the CCPA, injunctive relief, and reasonable attorneys' fees and costs.

## SIXTH CAUSE OF ACTION

### FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

#### Florida Statutes § 501.204, *et seq.*

**(On Behalf Of Phillips, Yee And The Florida Subclass)**

107.    Class Representatives repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

108.    Phillips and Yee bring this claim individually and on behalf of all others similarly situated for Defendant's violations of Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statutes § 501.204 *et seq.*

109.    Under the FDUTPA, "unfair or deceptive acts or practices in the conduct of any trade or commerce are … unlawful."

110.    Defendant knowingly engaged in a scheme of deceptively representing, misrepresenting, and concealing material facts regarding the release of the Restored Content DLC for KOTOR II.  Such practice misrepresented, falsely promised, and materially omitted facts regarding the content, quality and characteristics of KOTOR II.  Defendant knew or should have known its conduct was deceptive, unfair, false, and unlawful, and likely to deceive consumers.

111.    Phillips, Yee and the Florida class members were misled, deceived, and damaged by Defendant's actions.  Among other remedies, Phillips, Yee and the Florida class members are entitled to restitution, actual damages, and civil penalties for each violation of the FDUTPA.

## SEVENTH CAUSE OF ACTION

### GEORGIA FAIR BUSINESS PRACTICES ACT

**Georgia Code Section 10-1-393, *et seq.***

**(On Behalf Of Palmer And The Georgia Subclass)**

112.    Class Representatives repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

113.    Palmer brings this claim individually and on behalf of all others similarly situated for Defendant's violations of the Georgia Fair Business Practices Act ("GFBPA"), Georgia Code Section 10-1-393 *et seq.*

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

114.    Defendant's actions as detailed above constitute a violation of the GFBPA to the extent that Defendant violated the following provisions of the GFBPA:

a) Using deceptive representations in connection with goods or services.  Ga. Code Ann. § 10-1-393(a)(4).

b) Representing that goods or services have characteristics, ingredients, uses, and benefits that they do not have.  Ga. Code Ann. § 10-1-393(a)(5).

c) Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  Ga. Code Ann. § 10-1-393(a)(7).

d) Advertising goods or services with intent not to sell them as advertised.  Ga. Code Ann. § 10-1-393(a)(9).

e) Advertising goods or services with intent not to supply reasonably expectable demand.  Ga. Code Ann. § 10-1-393(a)(10).

115.    Palmer and Georgia class members were misled, deceived, and damaged by Defendant's actions.  Among other remedies, Palmer and Georgia class members are entitled to restitution, actual damages, and exemplary damages under the GFBPA.

## EIGHTH CAUSE OF ACTION

### NEVADA DECEPTIVE TRADE PRACTICES ACT

### Nev. Rev. Stat. Ann. § 598.0915, *et seq.*

### (On Behalf Of Sousa and the Nevada Subclass)

116.    Class Representatives repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

117.    Sousa brings this claim individually and on behalf of all others similarly situated for Defendant's violations of Nevada Deceptive Trade Practices Act ("NDTPA"), Nev. Rev. Stat. Ann. § 598.0915, *et seq.*

118.    Defendant's actions as detailed above constitute a violation of the NDTPA to the extent that Defendant violated the following provisions of the NDTPA:

**CLASS ACTION COMPLAINT**

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

a) Using deceptive representations in connection with goods or services. Nev. Rev. Stat. Ann. § 598.0915(4).

b) Representing that goods or services have characteristics, ingredients, uses, and benefits that they do not have. Nev. Rev. Stat. Ann. § 598.0915(5).

c) Representing that goods or services are of a particular standard, quality, or grade, if they are of another. Nev. Rev. Stat. Ann. § 598.0915(7).

d) Advertising goods or services with intent not to sell them as advertised. Nev. Rev. Stat. Ann. § 598.0915(9).

e) Advertising goods or services with intent not to supply reasonably expectable demand. Nev. Rev. Stat. Ann. § 598.0915(10).

f) Knowingly making a false representation in a transaction. Nev. Rev. Stat. Ann. § 598.0915(15).

119.   Sousa and Nevada class members were misled, deceived, and damaged by Defendant's actions. Among other remedies, Sousa and Nevada class members are entitled to restitution, damages, and equitable relief under the NDTPA.

## NINTH CAUSE OF ACTION

### NEW JERSEY CONSUMER FRAUD ACT

### N.J. Stat. Ann. § 56:8-2, *et seq.*

### (On Behalf Of Vazquez and the New Jersey Subclass)

120.   Class Representatives repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

121.   Vazquez brings this claim individually and on behalf of all others similarly situated for Defendant's violations of New Jersey Consumer Fraud Act ("CFA"), N.J. Stat. Ann. § 56:8-2, *et seq.*

122.   Under the CFA, "[t]he act, use or employment by any person of any commercial practice that is unconscionable or abusive, deception, fraud, false pretense, false promise, misrepresentation, or the knowing, concealment, suppression, or omission of any material fact with intent that others rely upon such concealment,

suppression or omission, in connection with the sale or advertisement of any merchandise … whether or not any person has in fact been misled, deceived or damaged thereby" is an unlawful practice.

123.   Defendant knowingly engaged in a scheme of deceptively representing, misrepresenting, and concealing material facts regarding the Restored Content DLC for KOTOR II.   Such practices misrepresented, falsely promised, and materially omitted facts regarding the content, quality and characteristics of KOTOR II. Defendant knew or should have known its conduct was deceptive, unfair, false, and unlawful.

124.   Vazquez and the New Jersey class members were misled, deceived, and damaged by Defendant's actions.  Among other remedies, Vazquez and the New Jersey class members seek damages, including treble damages, as a result of Defendant's unlawful practices.

## TENTH CAUSE OF ACTION
## OHIO CONSUMER SALES PRACTICES ACT
### Ohio Rev. Code Ann. § 1345.02, *et seq.*
### (On Behalf Of Niedermeier And The Ohio Subclass)

125.   Class Representatives repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

126.   Niedermeier brings this claim individually and on behalf of all others similarly situated for Defendant's violations of Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code Ann. § 1345.02 *et seq.*

127.   Defendant's actions as detailed above constitute an unfair and/or deceptive act that violates the OCSPA, including the following provisions of the OCSPA:

a) Using deceptive representations in connection with goods or services.  Ohio Rev. Code Ann. § 1345.02(A).

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

b) Representing that the subject of a consumer transaction has performance characteristics, accessories, uses, or benefits that it does not have. Ohio Rev. Code Ann. § 1345.02(B)(1).

c) Representing that the subject of a consumer transaction is of a particular standard, quality, grade, style, prescription, or model, if it is not. Ohio Rev. Code Ann. § 1345.02(B)(2).

d) Representing that the subject of a consumer transaction is available to the consumer for a reason that does not exist. Ohio Rev. Code Ann. § 1345.02(B)(4).

128. Niedermeier and Ohio class members were misled, deceived, and damaged by Defendant's actions. Among other remedies, Niedermeier and Ohio class members seek actual damages and/or noneconomic damages of five-thousand dollars under the OCSPA.

**ELEVENTH CAUSE OF ACTION**

**SOUTH CAROLINA UNFAIR TRADE PRACTICES ACT**

**St. S.C. § 39-5-20, *et seq.***

**(On Behalf Of Hilliard and the South Carolina Subclass)**

129. Class Representatives repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

130. Hilliard brings this claim individually and on behalf of all others similarly situated for Defendant's violations of South Carolina Unfair Trade Practices Act ("UTPA"), St. S.C. § 39-5-20, *et seq.*

131. Under the UTPA, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are … unlawful."

132. Defendant knowingly engaged in a scheme of deceptively advertising, misrepresenting, and concealing material facts regarding the Restored Content DLC for KOTOR II. Such practices misrepresented, falsely advertised, and materially omitted facts regarding the content, quality and characteristics of KOTOR II.

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

1   Defendant knew or should have known its conduct was deceptive, unfair, false, and

2   unlawful.

3   133.   Hilliard and the South Carolina class members were misled, deceived, and

4   damaged by Defendant's actions.   Among other remedies, Hilliard and the South

5   Carolina class members seek damages and civil penalties as a result of Defendant's

6   unlawful practices.

### TWELFTH CAUSE OF ACTION

### TEXAS DECEPTIVE TRADE PRACTICES ACT

**Tex. Bus. & Com. Code Ann. § 17.46,** *et seq.*

**(On Behalf Of Mueller and the Texas Subclass)**

11   134.   Class Representatives repeat, re-allege, and incorporate by reference all

12   other paragraphs, as if fully set forth herein.

13   135.   Mueller brings this claim individually and on behalf of all others similarly

14   situated for Defendant's violations of Texas Deceptive Trade Practices Act ("DTPA"),

15   Tex. Bus. & Com. Code Ann. § 17.46, *et seq*.

16   136.   Defendant's actions as detailed above constitute an unfair and/or

17   deceptive act that violates the DTPA, including the following provisions of the DTPA:

18       a) Using deceptive representations in connection with goods or services.   Tex.

19          Bus. & Com. Code Ann. § 17.46(b)(4).

20       b) Representing that goods or services have characteristics, uses, or benefits

21          which they do not have.   Tex. Bus. & Com. Code Ann. § 17.46(b)(5).

22       c) Representing that goods are of a particular standard, quality, or grade if they

23          are not.   Tex. Bus. & Com. Code Ann. § 17.46(b)(7).

24       d) Advertising goods or services with intent not to sell them as advertised.   Tex.

25          Bus. & Com. Code Ann. § 17.46(b)(9).

26       e) Failing to disclose information concerning goods or services which was

27          known at the time of the transaction to induce the consumer into the

28          transaction.   Tex. Bus. & Com. Code Ann. § 17.46(b)(24).

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**

137.   Mueller and the Texas class members relied on Defendant's representations about the Restored Content DLC and were misled, deceived, and damaged by Defendant's actions.  Among other remedies, Mueller and the Texas class members seek actual damages under the DTPA.

## THIRTEENTH CAUSE OF ACTION

### WASHINGTON CONSUMER PROTECTION ACT

### St. S.C. § 39-5-20, *et seq.*

### (On Behalf Of Flores and the Washington Subclass)

138.   Class Representatives repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

139.   Flores brings this claim individually and on behalf of all others similarly situated for Defendant's violations of the Washington Consumer Protection Act ("CPA"), Wash. Rev. Code Ann. § 19.86.020 (West), *et seq*.

140.   Under the CPA, "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are … unlawful."

141.   Defendant knowingly engaged in a scheme of deceptively advertising, misrepresenting, and concealing material facts regarding the Restored Content DLC for KOTOR II.  Such practices misrepresented, falsely advertised, and materially omitted facts regarding the content, quality and characteristics of KOTOR II.  Defendant knew or should have known its conduct was deceptive, unfair, false, and unlawful.

142.   Flores and the Washington class members were misled, deceived, and damaged by Defendant's actions.  Among other remedies, Flores and the Washington class members seek damages and treble damages as a result of Defendant's unlawful practices.

### PRAYER FOR RELIEF

WHEREFORE, Class Representatives, individually and on behalf of all others similarly situated, prays for judgment against the Defendant as follows:

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

A.    For an order awarding, as appropriate, restitution to the Class Representatives and the Classes;

B.    For an order certifying this case as a class action and appointing Class Representatives and Class Representatives' counsel to represent the Classes;

C.    For an order that the Court certify Class Representatives to serve as the class representatives in this matter;

D.    For an order that Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the claims asserted herein;

E.    For an order requiring Defendant to immediately cease and desist from selling and distributing KOTOR II with the deceptive and false advertising as set forth above and immediately remove and withdraw its deceptive advertising, and enjoining Defendant from continuing to deliver, market, advertise, distribute, and sell KOTOR II in the unlawful, unfair, and deceptive manner described herein;

F.    For an order awarding attorneys' fees and costs;

G.    For an order awarding pre-judgment and post-judgment interest; and

H.    For such other and further relief as this Court find just, equitable and proper, including, but not limited to, the remedy of disgorgement.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Class Representatives and members of the Class are entitled to, and demand, a trial by jury.


Dated:  April 10, 2025                    RAY KIM LAW, APC


                                          /s/ Raymond Y. Kim
                                          Raymond Y. Kim
                                          Attorneys for Plaintiffs
                                          Malachi Mickelonis, Micaiah Flores,
                                          Matthew Gorka, Jared Hilliard,
                                          Charles Kirk, Yale Liebowitz, Jacob Mueller,

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

- 38 -

Kevin Munoz, Colebie Niedermeier, Joshua Palmer, Bryce Phillips, Christopher Sousa, Rolando Vazquez, Adrian Villa, Brian Walsh, and Nicholas Yee

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT A

Ray Kim Law, APC
112 E. Amerige Avenue, Suite 240
Fullerton, CA 92832

**CLASS ACTION COMPLAINT**



112 E. Amerige Avenue, Suite 240 | Fullerton, CA 92832

Raymond Y. Kim
+1 213-204-3547
Ray@raykimlaw.com

April 10, 2024

*Via Certified U.S. Mail:*

Disney Online, d/b/a LFG Games
500 S Buena Vista St.
Burbank, CA 91521

**RE:**   *Malachi Mickelonis, Kevin Munoz, and Brian Walsh – Confidential Settlement
Communication Pursuant to FRE 408 and CEC 1152*

To Whom It May Concern:

Please be advised that our office represents Malachi Mickelonis, Kevin Munoz, and Brian Walsh ("Plaintiffs"), and other similarly situated individuals, in pursuing class action wide legal claims against Disney Online, d/b/a LFG Games ("LFG Games") for violations of the Consumer Legal Remedies Act ("CLRA"), California Business and Professions Code §17200 ("UCL"), and California Business and Professions Code § 17500 ("FAL").

Having been formally notified of our representation, we respectfully demand that you not contact our clients for any reason. Instead, please direct all future contact and correspondence to this office. We reserve the right to seek injunctive relief against you should you fail to honor these directives.

The purpose of this letter is to advise your company of its violations and to quickly resolve the matter of my clients' right to compensation for the same, without resorting to expensive and unnecessary litigation. Before additional damages accrue, including further needless attorneys' fees, we should work together expeditiously to correct the inequity that occurred in connection with your company's handling of the matters detailed below. Thus, please accept this correspondence as notice pursuant to the CLRA, of violations thereof. Be advised, you have thirty (30) calendar days from the date of receipt of this notice, to correct, repair, replace, or otherwise rectify the goods or services alleged to be in violation of § 1770 of the CLRA, as further outlined below.

Please review the violations set forth below and contact our offices immediately, to discuss settlement.

**<u>Facts</u>**

In 2022, LFG with its licensee and agent Aspyr Media, Inc. ("Aspyr") advertised KOTOR to users of the video console Nintendo Switch as having never-before released "Restored Content DLC," or new downloadable content providing new gaming content for users. *See* Youtube, *STAR WARS™: Knights of the Old Republic™ II: The Sith Lords - Announcement Trailer - Nintendo Switch*, available at <u>https://www.youtube.com/watch?v=rEhYnI1MqxI</u> (last visited on July 7,

1

2023); Nintendo, *STAR WARS™: Knights of the Old Republic™ II: The Sith Lords*, available at
https://www.nintendo.com/store/products/star-wars-knights-of-the-old-republic-ii-the-sith-lords-switch/ (last visited on June 11, 2023); IGN, *Star Wars: Knights of the Old Republic II: The Sith Lords - Announcement Trailer*, May 27, 2022, available at https://www.ign.com/videos/star-wars-knights-of-the-old-republic-ii-the-sith-lords-announcement-trailer (last visited on April 10, 2025). LFG specifically advertised that the Restored Content DLC was "COMING SOON."





Aspyr, at LFG's direction and authorization, even tweeted about the upcoming release of the Restored Content DLC.




Plaintiffs saw LFG's advertisements about KOTOR and was drawn by the Restored Content DLC.  As a result, in 2022 and 2023 Plaintiffs purchased KOTOR.  Plaintiffs and numerous other consumers were excited about the new content that LFG claimed was "coming soon."  In fact, KOTOR sat at the top of Nintendo's e-Shop rankings.



**@JudeMichaelPeterson** 1 year ago

The fact that this game is including the restored content makes this one of my most anticipated games in the life of the Switch. I can't remember the last time I was this excited to play a game, let alone one that is over a decade old.

👍 291  👎    Reply

 19 replies

 **@ivenousername** 1 year ago

I want to cry. The restored content mod gives this game so much more life. It's my favorite game of all time. I can't wait to replay it for the 10th time. It's a timeless classic with the most beautiful Star Wars story!!! THANK YOU!!!!!!!

👍 90  👎    Reply

 **@Swordsmaster227** 1 year ago

The fact that the restored content is being included alone is enough for me to buy this game. And shows this studio understands it's customers.

I'm a console gamer and I've wanted to play the restored content so badly for years. Now I have that opportunity.

3

On or about June 2, 2023, at LFG's direction, Aspyr announced that they will not release the highly anticipated Restored Content DLC for KOTOR:



Plaintiffs felt completely duped and were upset because they had relied on LFG's representations that the Restored Content DLC would be released for KOTOR. Plaintiffs would potentially be interested in purchasing other games with Restored Content DLC from LFG in the future if it had the advertised content, are not deceptively advertised, and accordingly priced at fair market value without being artificially inflated due to the deceptive advertising.

Despite their failure to release KOTOR's Restored Content DLC, LFG refused to give refunds to purchasers of KOTOR. However, recognizing that consumers had purchased KOTOR II in reliance on the DLC advertisement and recognizing the value of the Restored Content DLC

4

to purchasers, LFG offered a free game token.  Nevertheless, other consumers, like Plaintiffs, were equally upset as evidenced by posts found on Twitter and YouTube:



When Plaintiffs purchased KOTOR they believed that they were purchasing a game with Restored Content DLC.  Plaintiffs were deceived as a result of LFG's actions.  In fact, Plaintiffs would not have purchased KOTOR if it were not for the misrepresentations of the aforementioned material facts.  The purchasing decision was the result of the misleading, deceptive, and false representations made by LFG.

5

**CLRA (*Cal. Civ. Code* §1750 *et seq.*) Violations**

Among other things, the CLRA prohibits the following "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction to result or which results in the sale or lease of goods or services" to a consumer:

1. Using deceptive representations in connection with goods or services.  Cal. Civ. Code §1770(a)(4).

2. Representing that goods or services have characteristics, ingredients, uses, and benefits that they do not have.  Cal. Civ. Code §1770(a)(5).

3. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another.  Cal. Civ. Code §1770(a)(7).

4. Advertising goods or services with intent not to sell them as advertised.  Cal. Civ. Code §1770(a)(9).

5. Advertising goods or services with intent not to supply reasonably expectable demand. Civ. Code §1770(a)(10).

Further, under the CLRA, a consumer may recover actual damages, an order enjoining any such practices that are prohibited by the CLRA, restitution of property, punitive damages, civil penalties, and reasonably attorney's fees and costs. *Cal. Civ. Code* §§1780, *et seq*.

By engaging in the conduct detailed above, LFG violated Sections §1770(a)(4), (5), (7), (9), and (10) of the CLRA, thereby entitling Plaintiffs to actual and punitive damages, and attorney's fees and costs.

**Unfair Competition Law (*Cal. Bus. Prof. Code* §17200)**

The Unfair Competition Law, California Business & Professions Code §17200 prohibits unlawful, unfair or fraudulent business acts or practices. Further, any person may bring an action to enjoin or restrain any violation of this act and is entitled to restitution resulting from such violations.  Cal. Bus. Prof. Code § 17203.

LFG knowingly engaged in fraudulent, unfair and unlawful business practices through its conduct and violated the UCL. LFG made misleading representations, and omitted material facts, to Plaintiffs that its products had qualities and features that it did not have, and this amounts to fraudulent and unfair business practices. Further, as noted above, LFG violated the CLRA, thus engaging in unlawful business practices. LFG's conduct, as detailed above, violates numerous provisions of the CLRA; consequently, said conduct constitutes unlawful business practices. LFG's conduct entitles Plaintiffs to restitution and injunctive relief.

///

6

**Class Potential**

At this stage, LFG's fraudulent, deceptive, and misleading business practices, and violations of California law, have impacted thousands of consumers throughout the state of California and the nation. Thus, we anticipate either a state and/or nationwide class of thousands of consumers whom Malachi Mickelonis, Kevin Munoz, and Brian Walsh will more than adequately represent. The conduct detailed above is systematic in nature. Thus, certifying a class will be very straightforward. Upon certifying a class, we will seek not only restitution and actual damages, but also punitive damages and statutory damages, in addition to attorney's fees and costs. LFG is facing seven-figure liability, at the very least.

Sincerely,

Raymond Y. Kim
Attorney at Law

cc:  Alec Myers <Alec.Myers@disney.com>

7